IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    3:06mj116/MD

JESSICA M. POTTER

___

**O R D E R**

This cause is before the court upon defendant's motion to dismiss the information against her (doc. 5) and the government's response thereto.  (Doc. 6).

The information charges that defendant did unlawfully operate a motor vehicle with a breath-alcohol level of .08 or more grams of alcohol per 210 liters of breath and while affected to the extent that her normal faculties were impaired, in violation of Section 316.193, Florida Statutes and Title 18, United States Code, Sections 7 and 13.  The defendant claims that the information must be dismissed because the government has no evidence showing that she ever operated the vehicle in which she was discovered.

Section 316.193, Florida Statutes provides in pertinent part that:

(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages . . .

316.193, Florida Statutes (2005).  "[W]hen the indictment specifically refers to the statute on which the charge was based, the statutory language may be used to determine whether the defendant received  adequate notice." *United States v. Stefan*, 784 F.2d 1093. 1101-1102 (11th Cir. 1986) *(quoting United States v. Chilcote*, 724 F.2d 1498, 1505 (11th Cir.1984)).  Clearly, the plain language of the statute places a defendant on notice that she may be convicted if she is <u>either</u> driving <u>or</u> "in actual physical control of the vehicle" while

her normal faculties are impaired. Therefore, dismissal of the information for the government's failure to include the language "or in actual physical control of the vehicle" is unwarranted.[1]

Defendant's second ground for dismissal is that the investigating officer did not have "well-founded suspicion" that the defendant was or was about to become involved in criminal activity at the time he initially encountered her, such that the information he had at the time was insufficient to justify an investigative stop. However, defendant concedes that after the officer approached the vehicle and spoke to her, he had sufficient probable cause to suspect her of driving under the influence. At that point he requested that she exit her vehicle and submit to filed sobriety tasks, which she failed.

An encounter between a police officer and a citizen becomes an investigative stop when the citizen is asked to exit a vehicle. *Danielewicz v. State*, 730 So. 2d 363 (Fla. 2nd DCA 1999) (citing *Popple v. State*, 626 So.2d 185 (Fla.1993); *Zelinski v. State*, 695 So.2d 834 (Fla. 2d DCA 1997)). From the government's recitation of the facts and the violation notice appended to the information, it is reasonable to conclude that the officer in this case had developed a well founded suspicion that defendant was under the influence of alcohol prior to requesting that she exit the vehicle, i.e., prior to the commencement of the actual investigative stop. The basis for this suspicion was that the officer came across a vehicle parked at 3:02 in the morning on a military base in an area where no other vehicles were present, he noted a strong smell of alcohol on defendant's breath upon her awakening, as well as her slurred speech, bloodshot eyes and flushed face. Cf. *Danielewicz v. State*, 730 So. 2d 363 (Fla. 2nd DCA 1999). Accepting for purposes of this order that the preceding facts are true, the officer had reasonable suspicion to conduct the investigative stop, and dismissal of the information on this basis in not warranted.

Accordingly, it is ORDERED:

---

[1] The court does not concur with the government's assertion that because "unlawfully operate" necessarily implies "physical control" the information is adequate. Clearly, defendant's argument is based on the fact that one can be in physical control of a vehicle without actually operating it, while the converse is not true within the meaning of the statute.

*Case No: 3:06mj116md*

Defendant's motion to dismiss information (doc. 5) is DENIED.

DONE AND ORDERED this 13th day of June, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06mj116md*